## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS
## KANSAS CITY DIVISION

| | |
|---|---|
| Kimberly Keen,<br><br>　　　　Plaintiffs,<br>v.<br><br>Hyperion Recovery; John Does 1-10, (whose names are unknown at this time), and ABC Corps. 1-10, (entities unknown at this time).<br><br>　　　　Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

## PARTIES

4. Plaintiff Kimberly Keen, is a natural person who resides in the City of Olathe, County of Johnson, State of Kansas, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Hyperion Recovery (hereinafter "Defendant Hyperion") is a collection agency operating from an address of 14 Lafayette Square, 800 Rand Building, Buffalo, New York, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. On or about, June 10, 2013, Defendant called a third party, Theresa Rockhold, Plaintiff's mother, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

7. During the course of the phone call, Defendant disclosed that Plaintiff owed a debt in violation of the Fair Debt Collection Practice Act.

8. Additionally, Defendant stated Plaintiff had failed to pay her alleged debt and he was attempting to locate her in order to serve her with legal papers.

9. Upon completion of this phone call, Ms. Rockhold immediately called back Defendant and confirmed Defendant's corporation name, Hyperion Recovery.

10. These alarming statements were a false and deceptive as no such court action has ever taken place.

11. All of the above-described collection communications made by Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692b(1) and 1692b(2).

12. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, fear, humiliation, frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at Plaintiff's home.

## TRIAL BY JURY

13. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 et seq.

14. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 13.

15. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated 15 U.S.C. §169b(1) by contacting a third party and failing to identify themselves, or failed to state that collector is confirming or correcting location information.

    (b) Defendant violated 15 U.S.C. §1692b(2) by contacting a third party and stated that the consumer owes any debt.

16. As a result of each of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from each Defendant herein.

### JURY TRIAL DEMAND IN KANSAS CITY, KANSAS

17. Plaintiff demands a trial by jury on all issues so triable in Kansas City, Kansas.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant as follows:

   a) For an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant and in favor of Plaintiff;

b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant in favor of Plaintiff; and

c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant and in favor of Plaintiff.

d) Actual damages from the Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations; and

e) For such other and further relief as may be just and proper.

Dated: November 11, 2013         Respectfully Submitted,

/s/ Camron Hoorfar, J.D. LL.M.
Attorney for Plaintiff
202 SW Market Street
Lee's Summit, MO 64063
Ph: (816) 524-4949
Fax: (816) 524-4963
Choorfar@hoorfarlaw.com