IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KIMBERLY KEEN, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ) <br> HYPERION RECOVERY, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 13-2583-JAR-TJJ |

### DEFAULT JUDGMENT

Plaintiff filed her Complaint in this matter on November 11, 2013, alleging claims that Defendant violated the Fair Debt Collection Practice Act ("FDCPA"). The Clerk entered default on March 4, 2014, after it was shown that Defendant had been served but failed to answer or otherwise respond.[1] This case is before the Court on Plaintiff Kimberly Keen's Motion for Entry of Default Judgment (Doc. 10) against Defendant Hyperion Recovery. Defendant has not responded or appeared in this matter.[2] The Court has reviewed Plaintiff's motion and attached exhibits and finds that default judgment should be entered in favor of Plaintiff and against Defendant Hyperion Recovery as set forth below.

*Standard*

Following entry of default, Rule 55(b)(2) allows the court to enter default judgment.[3]

---

[1] Doc. 7.

[2] The motion was sent by regular mail to Defendant on May 28, 2014. *See* Doc. 10 at 2. The response time has elapsed, *see* D. Kan. R. 6.1(d), with no response on file.

[3] Plaintiff appears to mistakenly believe that this case involves a prayer for a sum certain, allowing default judgment by the clerk under Fed. R. Civ. P. 55(b)(1). It is not. As set forth below, the relief Plaintiff seeks under the FDCPA requires the Court to make certain factual findings, thus, it is properly considered under Rule 55(b)(2).

Once default is entered, the defendant is not entitled to defend itself on the merits.[4]  But a default judgment only establishes liability; it does not establish the amount of damages.[5]  The factual allegations in the Complaint are taken as true, except for those relating to the amount of damages.[6]  "'Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts.'"[7]  Default judgment may only be entered against defendants whom the court determines are not minors or incompetent persons.[8]  There is no evidence in the record that Defendant is a minor or incompetent person and accordingly, the Court may enter default judgment against it.

Plaintiff seeks statutory damages and attorney fees and costs.[9]  Based on the factual allegations in the Complaint, the default in this case establishes that Defendant violated the FDCPA.  According to the Complaint, on or about June 10, 2013, Plaintiff's mother received a telephone call from a representative for Defendant who told Plaintiff's mother that Plaintiff owed a debt and that he was attempting to locate Plaintiff in order to serve her with legal papers.  Plaintiff's mother immediately confirmed that the caller was an agent of Hyperion Recovery.  The statements made to Plaintiff's mother were not true, so they were false and misleading in

---

[4] *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 & n.11 (10th Cir. 2003).

[5] *See, e.g.*, *DeMarsh v. Tornado Innovations, L.P.*, No. 08-2588, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009); *Beginner Music v. Tallgrass Broad., LLC*, No. 09-4050-SAC, 2009 WL 3720180, at *1 (D. Kan. Aug. 12, 2009).

[6] *See, e.g.*, *Beck v. Atl. Contracting Co.*, 157 F.R.D. 61, 64 (D. Kan. 1994).

[7] *Demarsh*, 2009 WL 3720180, at *2 (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538 1544 (11th Cir. 1985)).

[8] Fed. R. Civ. P. 55(b).

[9] This relief was not explicitly requested in the motion, but is included in the Plaintiff's proposed order of default judgment.  Neither the motion, nor the proposed order request actual damages.

violation of 15 U.S.C. § 1692e(8) and (13).  Defendant's disclosure of the alleged debt to Plaintiff's mother, a third-party, is also a violation of the FDCPA, 15 U.S.C. § 1692c(b).  Having established liability for violation of the FDCPA, the Court now turns to the issues of damages and other relief.

*Statutory Damages*

Even though Plaintiff appears to abandon her claim that she sustained any actual damages, statutory damages are still available under the FDCPA, subject to the court's discretion.[10]  Under the statute, the court must consider, among other relevant factors: (1) the frequency and persistence of noncompliance by the debt collector; (2) the nature of such noncompliance, and (3) the extent to which such noncompliance was intentional.  Plaintiff makes no such showing in her motion for default judgment therefore the Court declines to exercise its discretion to award statutory damages in this matter.[11]

*Attorney Fees*

Under the statute, Plaintiff is entitled to an award of reasonable attorney fees and costs under § 1692k(a)(3).  Plaintiff submits counsel's time records and requests attorney fees in the amount of $4411.25, representing 15.7 hours of work by one attorney and one paralegal.  Plaintiff seeks $485 in costs.

Defendant's lack of response to the motion for default judgment does not foreclose the Court's review of the fee request.[12]  Once a party has established its entitlement to fees, the court

---

[10] 15 U.S.C. § 1692k(a)(2); *O'Connor v. Check Rite, Ltd.*, 973 F. Supp. 1010, 1020 (D. Colo. 1997).

[11] Plaintiff has been provided several opportunities by the Court to support her damages request in this matter and has declined to do so.  *See* Docs. 8, 11.

[12] *See Wilkinson v. I.C. Sys., Inc.*, No. 09-2456-JAR, 2011 WL 5304150, at *3 (D. Kan. Nov. 1, 2011).

must determine what fee is reasonable.  In determining reasonable attorney's fees, the court arrives at a lodestar figure by multiplying the hours counsel reasonably spent on the litigation by a reasonable hourly rate.[13] The applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.[14]  Once an applicant has met this burden, the lodestar figure is presumed to be a reasonable fee.[15]

In order for the applicant to satisfy its burden of proving the number of hours reasonably spent on the litigation, the party must submit "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."[16]  "The prevailing party must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."[17]  The Court "is justified in reducing the reasonable number of hours if the attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized large blocks of time."[18]  The Court finds that Plaintiff has submitted evidence that a reasonable amount of time was spent on this litigation.  This litigation was resolved by default judgment, and the 15.7 hours were spent on communicating with the client and preparing filings in this case.

---

[13]*Lippoldt v. Cole*, 468 F.3d 1204, 1222 (10th Cir. 2006) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

[14]*See Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249–50 (10th Cir. 1998).

[15]*Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

[16]*Case*, 157 F.3d at 1250 (citation omitted).

[17]*Robinson*, 160 F.3d at 1280.

[18]*Id.* (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1517 (10th Cir. 1995)).

4

Calculating the lodestar also requires the court to examine the hourly rate requested by the Plaintiff, which ranges from $185 to $300 per hour. In examining the hourly rate, the court is to refer "to the prevailing market rates in the relevant community."[19] The relevant community is the place where the litigation occurs.[20] "The first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time."[21] In making this determination, if the court does not have before it adequate evidence of prevailing market rates, the court may, in its discretion, "use other relevant factors, including its own knowledge, to establish the rate."[22]

In this case, Plaintiff has not provided any evidence establishing the prevailing market rate in the Kansas City area, nor does she submit any evidence about the experience of the "Attorney," whom the Court presumes refers to Mr. Hoorfar. Given the lack of evidence upon which to base a reasonable rate for either Mr. Hoorfar or his paralegal, the Court must reduce these rates. The Court has previously found, based on its own knowledge of prevailing market rates in the Kansas City area, that $290 per hour is a reasonable rate for counsel with extensive FDCPA experience of between seven and ten years.[23] With no evidence of counsel's experience, this rate would be excessive. The Court finds that $250 is reasonable in light of the scant record

---

[19]*Blum v. Stenson*, 465 U.S. 886, 895 (1984).

[20]*Jayhawk Investments, L.P. v. JetUSA Airlines, Inc.*, No. 98-2153-JWL,1999 WL 974027, at *4 (D. Kan. 1999) (citation omitted).

[21]*Case*, 157 F.3d at 1256.

[22]*Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006) (citing *Case*, 157 F.3d at 1257).

[23]*See Wilkinson v. I.C. Sys., Inc.*, No. 09-2456-JAR, 2011 WL 5304150, at *3 (D. Kan. Nov. 1, 2011).

in this case.  The Court finds that a paralegal rate of $115 is reasonable.  Applying these rates to the number of hours reasonably spent, the lodestar figure is (12.45 hours x $250) + (3.25 hours x $115) = $3112.50.  The Court finds that an attorney fee award in this amount is reasonable.[24]  The Court also finds that Plaintiff is entitled to $485 in costs.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Entry of Default Judgment (Doc. 10) is **GRANTED** and that the Clerk of the Court shall enter judgment for Plaintiff as follows:

1. $3112.50 in attorney fees; and

4. $485.00 in costs;

for a Total Judgment in the amount of $3597.50.

**IT IS SO ORDERED**.

Dated: June 12, 2014

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE

---

[24]"The lodestar is the presumptively reasonable fee." *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir. 1994).  But "'[t]he product of reasonable hours times a reasonable rate does not end the inquiry,' however, of determining whether a fee is reasonable." *Chavez v. Thomas & Betts Corp.*, 396 F.3d 1088, 1103 (10th Cir. 2005) (quoting *Hensley v. Eckerhart*, 461 U.S. 434 (1983)).  The court may adjust the lodestar downward if necessary.  *Metz*, 39 F.3d at 1493.  The Court does not find that a downward adjustment is necessary under the circumstances of this case.